{¶ 27} I respectfully dissent from the decision of the majority, because the evidence the State offered fails to demonstrate the particular exception to the Fourth Amendment warrant requirement on which the State relied, which was that the criminal nature of the bag of pills the officer saw was immediately apparent, authorizing his seizure of the bag from Defendant's purse which, in turn, revealed the hypodermic needle on which the charges against Defendant were based.
 {¶ 28} In removing the bag of pills from Defendant Lovett's purse as he did, Patrolman Fallis performed a warrantless search for which probable cause is required. Arizona v. Hicks (1987),480 U.S. 321, 94 L.Ed.2d 347, 107 S.Ct. 1149. It was the State's burden at the hearing on Defendant's Crim.R. 12(C) motion to suppress to demonstrate that probable cause existed. Chimel v.California (1969), 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685.
 {¶ 29} "`Probable cause to associate an object with criminal activity does not demand certainty within the minds of police, but instead merely requires that there be "a fair probability" that the object they see is illegal contraband or evidence of a crime.' State v. Thompson (1999), 134 Ohio App.3d 1, 4,729 N.E.2d 1268, citing State v. George (1989), 45 Ohio St.3d 325,544 N.E.2d 640, paragraph one of the syllabus. Further, probable cause must "`be viewed from the vantage point of a prudent, reasonable, cautious police officer on the scene at the time of * * * arrest guided by his experience and training.'" State v.Freeman (Mar. 15, 2002), Trumbull App. No. 2001-T-0008, 2002 WL 408601, quoting United States v. Davis (C.A.D.C. 1972),458 F.2d 819, 821. `In ascertaining the required probable cause to satisfy the "immediately apparent" requirement, police officers may rely on their specialized knowledge, training and experience.' State v. Halczyszak (1986), 25 Ohio St.3d 301, 25 OBR 360, 496 N.E.2d 925, paragraph four of the syllabus." Statev. Suter, 132 Ohio Misc. 2d 6, 2005-Ohio-3461, at ¶ 18.
 {¶ 30} In Suter, an officer who had seized and opened a container that fell from inside a suspect's clothing testified that, in his experience, narcotics are frequently carried in such containers. That evidence, combined with the fact the container had been concealed in the defendant's clothing and the fact that one of the defendant's companions was a known drug dealer, was sufficient to create probable cause to seize the container and open it.
 {¶ 31} Here, Defendant was alone. It was at mid-day, and she was found behind the wheel of her parked vehicle, passed out, with the motor running. Those facts are sufficient to portray a reasonable and articulable suspicion that she was operating a vehicle under the influence of alcohol or drugs in violation of R.C. 4511.19, but nothing in the way of a criminal violation other than that. Neither did that suspicion implicate her purse or its contents in the OMVI violation that was reasonably suspected.
 {¶ 32} Officer Fallis testified that Defendant twice reached for her purse, the second time after he had told her not to. Fearing for his safety (T. 11), because he reasonably suspected that a weapon might be inside, Officer Fallis seized Defendant's purse. (T. 12). As the purse was open, his act revealed a plastic bag of pills inside the purse on top of its other contents. (T. 11). Officer Fallis recognized the pills to be Xanax, which he knew is a controlled substance for which a prescription is required. (T. 26). He then seized the bag of pills from Defendant's purse. {¶ 33} The State might have sought to meet its burden by showing that, out of a concern for his safety, Officer Fallis acted reasonably when he removed the bag of pills to determine whether it concealed a weapon carried in the purse.Terry v. Ohio (1968), 392 U.S. 1, 88 S.Ct. 1868,20 L.Ed.2d 889. More intrusive weapons searches based on a reasonable suspicion that a suspect may be armed and dangerous and which cannot be completed through a less cursory inspection are permissible. State v. Mackey (2001), 141 Ohio App.3d 604. However, the State didn't argue that the officer seized the pills as a part of a weapons search. Neither did Officer Fallis testify that that was his purpose in removing the bag of pills. Instead, the State relied on the plain view exception to the warrant requirement which applies to seizures of contraband.
 {¶ 34} Under the plain view exception, when an officer is lawfully in a position to see an article and its criminal nature is "immediately apparent," the officer may seize the article as evidence of criminal conduct. Coolidge v. New Hampshire (1971),403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564. Whether the "immediately apparent" requirement is satisfied is subject to the probable cause standard. Arizona v. Hicks.
 {¶ 35} Officer Fallis testified that, based on his experience, the pills "appeared to be Xanax," which he knows is "a prescription drug." (T. 26). Its possession is criminal, however, only if it is possessed without a prescription. R.C.2925.11(A), (B)(4). When asked whether he believed it was possible Defendant obtained the drug pursuant to a prescription, Officer Fallis testified: "It never crossed my mind due to the fact of (the pills) being in the plastic bag." (T. 29).
 {¶ 36} Probable cause requires no more than a fair probability that an object seen is illegal contraband or evidence of a crime. State v. Suter. Certainty isn't required. However, in order for a fair probability to exist, the nexus between the object and whatever crime is involved must be such that the conclusion has a rational foundation. The fact that Defendant was asleep behind the wheel of her vehicle surely supports a reasonable suspicion that she was under the influence of alcohol or drugs, perhaps the very drugs the officer saw in her purse. However, it does not follow from that suspicion that she possessed those drugs illegally, without a prescription. Neither does it follow from the way in which the pills were carried, in a plastic bag, that Defendant lacked a prescription for them.
 {¶ 37} Officer Fallis testified that he had twenty years of law enforcement experience. (T. 4). Had he testified that his experience showed that illegal prescription drugs are typically carried in a plastic bag, probable cause would be easier to find. He didn't; and, more importantly, the State offered no evidence other than the officer's unsupported conclusion for the proposition that the criminal nature of the drugs was immediately apparent. Therefore, on the probable cause standard, the evidence the State offered was insufficient to demonstrate that the criminal nature of the bag of pills Officer Fallis saw was immediately apparent. Coolidge v. New Hampshire. That the alternative of legal conduct never crossed his mind doesn't portray probable cause or a basis to find it.
 {¶ 38} Defendant wasn't indicted for any crime in connection with the Xanax that was seized. She was charged with two offenses arising from the hypodermic needle that was revealed when the bag of pills was removed from her purse. That evidence derived from the illegal seizure, and it therefore is likewise subject to suppression. Nardone v. United States (1939), 308 U.S. 338,60 S.Ct. 266, 84 L.Ed. 307.
 {¶ 39} The State also argued the inevitable discovery exception, contending that Defendant's arrest for driving under suspension would have permitted a search incident to arrest, revealing the syringe. Nix v. Williams (1984), 467 U.S. 431,104 S.Ct. 2501, 81 L.Ed.2d 377. However, the record does not support a finding that absent the seizure she would have been arrested on that charge, but only that she could have been.State v. Taylor (2000), 138 Ohio App.3d 139. TheFourth Amendment requires more. Id.
 {¶ 40} I would reverse and remand.